UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

GEOVANNY ESPINOZA, and other )
similarly situated individuals, )
)
Plaintiff(s), )
)
v. )
)
SS CARPENTRY & REMODELING INC )
and STEFANIE SUAREZ, )
)
Defendants. )
_____ )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff GEOVANNY ESPINOZA ("Plaintiff") and other similarly situated individuals sue defendants SS CARPENTRY & REMODELING INC and STEFANIE SUAREZ (collectively "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. SS CARPENTRY & REMODELING INC (the "Corporate Defendant") and STEFANIE SUAREZ (the "Individual Defendant"), are a Florida profit corporation and a Florida

resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade, Florida. The Corporate Defendant is a profit corporation duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

4. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade, Florida.

5. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Corporate Defendant has its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. At all times material, Plaintiff was employed by Defendants as an assistant carpenter. He worked in this capacity from approximately June 16, 2016, through December 30, 2021.

7. Plaintiff is a covered employee for purposes of the Act.

8. While employed by Defendants, Plaintiff was compensated at a rate of approximately $17 per hour.

9. While employed by Defendants, Plaintiff worked on average 53-54 hours per week. He was not paid overtime when he worked in excess of 40 hours per week.

10. In either 2019 or 2020, Plaintiff did not work for Defendants for approximately 6-7 months.

11. Plaintiff performed his work for Defendants in a satisfactory manner.

12. All conditions precedent to bringing this action have occurred, been performed or been excused.

13. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: UNPAID OVERTIME WAGES
## AGAINST THE CORPORATE DEFENDANT – FLSA

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

15. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from

across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

17. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

18. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is construction company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as an assistant carpenter for the Corporate Defendant's business.

19. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 53-54 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as an assistant carpenter performing the same or similar duties as that of those other similarly situated assistant

carpenters whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

20. Plaintiff worked for the Corporate Defendant from approximately June 16, 2016, through December 30, 2021. In total, Plaintiff worked approximately 126 compensable weeks (not including 6-7 months in which Plaintiff did not work for Defendants) if we count 3 years back from the filing of the instant action.

21. The Corporate Defendant paid Plaintiff on average approximately $17.00 per hour.

22. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

23. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

24. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. Actual Damages: $14,994

      i. Calculation: $17 x .5 (overtime rate) x 14 (weekly overtime) x 126 (compensable weeks) = $14,994

   b. Liquidated Damages: $14,994

   c. Total Damages: $29,988 plus reasonable attorneys' fees and costs of suit.

25. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but

no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

26. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

27. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

28. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

29. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages;

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: UNPAID OVERTIME WAGES
## AGAINST THE INDIVIDUAL DEFENDANT – FLSA

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. At the times mentioned, the Individual Defendant was, and is now, an officer and owner of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

32. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

33. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains

owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Individual Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

c. Award Plaintiff an equal amount in double damages/liquidated damages;

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: January 19, 2022.                     Respectfully submitted,

By: /s/ Aron Smukler
Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                 Facsimile: 888.270.5549